UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KENNETH BRYE,                                      :
                                                   :
                      Plaintiff,       :
                                                   :
      -against-                                 :
                                                   :
THE CITY OF NEW YORK; DANNY OSPINA,                :        **AMENDED COMPLAINT**
Individually and in His Official Capacity; ROBERT  :
CINA, Individually and in His Official Capacity;   :        **Jury Trial Demanded**
REGINALD HILAIRE, Individually and in His Official :
Capacity; MOOYUN KIM, Individually and in His      :        **ECF Case**
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,  :
Individually and in Their Official Capacities (members :    12 Civ. 7252 (JSR)
of the New York City Police Department whose names :
are presently unknown to plaintiff),               :
                                                   :
                      Defendants.      :
------------------------------------------------------------------------x

        Plaintiff KENNETH BRYE, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

        1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

        4.    The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff KENNETH BRYE is a resident of the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant DANNY OSPINA (Shield No. 11766) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Ospina was a police officer assigned to the 23rd Precinct at 162 East 102nd Street in New York County. Defendant Ospina is being sued in his individual and official capacities.

10. Defendant ROBERT CINA (Shield No. 00545) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Cina was a sergeant assigned to the 23rd Precinct at 162 East 102nd Street in New York County. Defendant Cina is being sued in his individual and official capacities.

11. Defendant REGINALD HILAIRE (Shield No. 08881) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the

relevant times herein, defendant Hilaire was a police officer assigned to Police Service Area #5 at 221 East 123rd Street in New York County. Defendant Hilaire is being sued in his individual and official capacities.

12.  Defendant MOOYUN KIM (Shield No. 27642) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Kim was a police officer assigned to the 23rd Precinct at 162 East 102nd Street in New York County. Defendant Kim is being sued in his individual and official capacities.

13.  All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

14.  At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

15.  At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

16.  On Thursday, June 30, 2011, at about 9:00 a.m., plaintiff was walking down a sidewalk near First Avenue and East 114th Street in New York County on his way to his mother's apartment. Plaintiff was not engaged in and had not engaged in any criminal activity.

17. As plaintiff approached the apartment building in which his mother lived, he noticed two police officers, including defendant Ospina, staring at him from a slowly moving police car. Defendant Ospina had arrested plaintiff once before in 2008. Since then, plaintiff had regularly seen defendant Ospina patrolling the neighborhood near his mother's apartment.

18. Plaintiff entered his mother's apartment building and went to her apartment. He told his mother that he was going to the gym. Plaintiff then came back outside.

19. As plaintiff began walking towards the gym, defendant Ospina called out to plaintiff to come over.

20. Plaintiff had been briefly detained by police officers in front of his mother's apartment building several weeks earlier for no apparent reason. Fearing that police officers were about to detain him again for no apparent reason, plaintiff turned around and began walking briskly back towards his mother's apartment building. Plaintiff wanted his mother to be a witness to any police detention.

21. After taking a few steps, plaintiff heard police officers running up to him from behind. He stopped and placed his hands in the air.

22. Police officers nonetheless struck plaintiff on the back of the head and threw him to the ground.

23. As plaintiff lay on the ground, police officers struck plaintiff in the face and on the arms with closed fists and kicked him in the back.

24. A police officer struck plaintiff in the face after he was handcuffed.

25. At no time did plaintiff offer any physical resistance.

26. The force used by the police officers exceeded that necessary to place plaintiff under arrest.

27.     Plaintiff was taken to the 23rd Precinct at 162 East 102nd Street in New York County. At the precinct defendant Ospina told plaintiff that he had been arrested because plaintiff fit the description of a picture of a suspect in a wanted poster. Defendant Ospina conceded that plaintiff was not the suspect.

28.     In connection with plaintiff's arrest, defendants prepared a false and misleading police report which they forwarded to the Manhattan County District Attorney's Office ("District Attorney"). As a result, the District Attorney decided to prosecute plaintiff.

29.     After being held for several hours at the 23rd Precinct, plaintiff was transported to Central Booking in Manhattan.

30.     Plaintiff was arraigned the next day, July 1, 2011, in Manhattan Criminal Court and charged with Resisting Arrest. He pleaded not guilty. Plaintiff was released on his own recognizance in the early afternoon, after more than 24 hours in custody.

31.     On September 13, 2011, the charge against plaintiff was dismissed.

32.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, deprivation of his liberty, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

33.     Plaintiff repeats and realleges paragraphs "1" through "32" with the same force and effect as if they were fully set forth herein.

34.     Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

35.     Plaintiff repeats and realleges paragraphs "1" through "34" with the same force and effect as if they were fully set forth herein.

36.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

37.     Plaintiff repeats and realleges paragraphs "1" through "36" with the same force and effect as if they were fully set forth herein.

38.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

39.     Plaintiff repeats and realleges paragraphs "1" through "38" with the same force and effect as if they were fully set forth herein.

40.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

41. Plaintiff repeats and realleges paragraphs "1" through "40" with the same force and effect as if they were fully set forth herein.

42. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of defendant City and the NYPD forbidden by the Constitution of the United States.

43. The foregoing customs, policies, practices, procedures, rules, and usages included, but were not limited to, making arrests without probable cause to believe that the arrestees had committed any crime or offense.

44. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following recent civil rights actions filed against defendant City:

**San Andres Sandford v. City of New York**, United States District Court, Southern District of New York, 12 CV 2634;

**Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917;

**Francisco Guilbe v. City of New York**, United States District Court, Southern District of New York, 11 CV 8176;

**Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160;

**Tilas Jackson v. City of New York**, United States District Court, Southern District of New York, 09 CV 915; and

**Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604.

45.     Defendant City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

46.     The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

47.     The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

48.     The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

### Supplemental State Law Claims

49.     Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50.     Within ninety (90) days after plaintiff's state law claims herein arose, plaintiff duly served upon, presented to, and filed with the City of New York a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

51.     More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City of New York. The City of New York has wholly neglected or refused to make an adjustment or payment thereof.

52.     This action was commenced within one (1) year and ninety (90) days after the claims accrued.

53.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

## SIXTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

54. Plaintiff repeats and realleges paragraphs "1" through "53" with the same force and effect as if they were fully set forth herein.

55. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so, in violation of New York law.

## SEVENTH CLAIM FOR RELIEF

### (Assault Under New York Law)

56. Plaintiff repeats and realleges paragraphs "1" through "55" with the same force and effect as if they were fully set forth herein.

57. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact, in violation of New York law.

## EIGHTH CLAIM FOR RELIEF

### (Battery Under New York Law)

58. Plaintiff repeats and realleges paragraphs "1" through "57" with the same force and effect as if they were fully set forth herein.

59. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent, in violation of New York law.

## NINTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

60. Plaintiff repeats and realleges paragraphs "1" through "59" with the same force and effect as if they were fully set forth herein.

61.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of New York law.

## TENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

62.     Plaintiff repeats and realleges paragraphs 1 through "61" with the same force and effect as if they were fully set forth herein.

63.     Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York law.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

64.     Plaintiff repeats and realleges paragraphs 1 through "63" with the same force and effect as if they were fully set forth herein.

65.     Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)     Compensatory damages in an amount to be determined at trial;

(B)     Punitive damages in an amount to be determined at trial;

(C)     Reasonable attorney's fees and costs of this litigation; and

  (D)  Such other relief as this Court deems just and proper.

Dated:  Brooklyn, New York
     December 3, 2012

                Respectfully submitted,

                *Robert T. Perry*
                ROBERT T. PERRY (RP-1199)
                45 Main Street, Suite 230
                Brooklyn, New York 11201
                (212) 219-9410

                *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KENNETH BRYE,                                              :
                                                           :
                              Plaintiff,          :
                                                           :
       -against-                                           :
                                                           :
THE CITY OF NEW YORK; DANNY OSPINA,                        :
Individually and in His Official Capacity; ROBERT          :
CINA, Individually and in His Official Capacity;           :         12 Civ. 7252 (JSR)
REGINALD HILAIRE, Individually and in His Official         :
Capacity; MOOYUN KIM, Individually and in His              :
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,          :
Individually and in Their Official Capacities (members     :
of the New York City Police Department whose names         :
are presently unknown to plaintiff),                       :
                                                           :
                              Defendants.         :
------------------------------------------------------------------x

**AMENDED COMPLAINT.**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*